**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PNE MANAGEMENT GROUP LLC, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. CIV-22-1012-G |
| | ) |
| HARGROVE CONSTRUCTION | ) |
| & SALES, LLC et al., | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court is Plaintiff PNE Management Group LLC's Motion for Default Judgment (the "Motion," Doc. No. 17), in which Plaintiff seeks entry of a default judgment against Defendants Hargrove Construction & Sales, LLC ("Hargrove Construction") and Gerald Hargrove. Although the Motion certifies that it was served upon Defendants via certified mail and by first class mail, no response was filed. For the reasons stated below, the Court finds that Plaintiff's Motion should be granted in part.

*I. Background*

On March 22, 2023, the Clerk entered Defendants' default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 16). Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $192,001.59, plus interest in the amount of $5428.65 and attorney's fees of $24,382.25. *See* Pl.'s Mot. at 4; *id.* Ex. 3 (Doc. No. 17-3) at 5.

## II. Discussion

### A. Procedural Requirements

The record reflects that Defendants have failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion otherwise satisfies the requirements set forth in Local Civil Rule 55.1.   Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment.  *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at \*1 (W.D. Okla. June 29, 2018).

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court."  *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).  "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible.  Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party."  *Tabb*, 2018 WL 3213622, at \*1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations."  *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006).  Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of

law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

Plaintiff's assertions are straightforward.  The Complaint alleges that Plaintiff entered into a contract with Defendant Hargrove Construction to supply and install TracRack and Dry Rack components (the "Contract"), and that Hargrove Construction's sole owner Gerald Hargrove personally guaranteed to repay Plaintiff any funds that Hargrove Construction received from Plaintiff for undelivered work and products promised under the Contract.  *See* Compl. ¶¶ 2, 7; *see id.* Ex. 1, Letter Agreement (Doc. No. 1-1). The Contract's total value was $213,335.10; Plaintiff was to make three installment payments of 30% of the total value and a final payment of 10% of the total value at the completion of the project.  Compl. ¶ 16; *see* Letter Agreement at 2.  The Complaint alleges that Plaintiff made the first three required installment payments, totaling $192,001.59, but Defendant Hargrove Construction "failed to deliver the supplies as required under the Contract, failed to install the supplies required, and continues to fail to provide clarification on the status of the Project, thus putting [Plaintiff] woefully behind schedule in its business."  Compl. ¶¶ 17, 19.

Accepting the well-pleaded allegations in the Complaint as true, the Court finds that Plaintiff has established Defendants' liability for breach of contract.  *See Tabb*, 2018 WL 3213622, at *2; *see also* Letter Agreement at 3 (prescribing that the Agreement shall be governed in accordance with Oklahoma law); *Valley View Agri, LLC v. Producers Coop. Oil Mill*, No. CIV-15-1297-D, 2017 WL 1208670, at *2 (W.D. Okla. Mar. 31, 2017)

(setting out elements for breach of contract under Oklahoma law).  Accordingly, the Court finds that judgment in favor of Plaintiff is appropriate.

*C. Damages*

When a plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," then the moving party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).  The Court may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment."  *Id.* R. 55(b)(2).

Here, Plaintiff requests $192,001.59 in compensatory damages, $5428.65 in interest, and $24,382.25 in attorney's fees.  *See* Pl.'s Mot. at 4; *id.* Ex. 3, at 5.

Upon review of Plaintiff's submissions, the Court finds that Plaintiff is entitled to compensatory damages of $192,001.59.  Plaintiff has shown that this loss, which represents the total amount of installment payments made by Plaintiff to Defendant Hargove Construction under the contract, was directly caused by Plaintiff's breach of contract.

As to the requested interest, Plaintiff provides no contractual or specific statutory authority for the interest it seeks and no explanation as to how that amount was calculated. The Court therefore cannot and does not award any interest.

As to the requested attorney's fees, the Contract allows the prevailing party to recover "reasonable attorney fees."  Letter Agreement at 4.  Plaintiff submits bills from both local and nonresident counsel, with rates as high as $730.00 per hour.  *See* Pl.'s Mot. Ex. 6 (Doc. No. 17-6) at 2-3; Pl.'s Mot. Ex. 7 (Doc. No. 17-7) at 2.  As set forth below, the Court finds that a reasonable award of fees would be $13,853.50.

Under Oklahoma law, the reasonableness of attorney's fees depends on several factors, including the difficulty of the questions involved, the fees customarily charged in the local legal community, and the amount of time required. *See State ex rel. Burk v. City of Okla. City*, 598 P.2d 659, 662 (Okla. 1979). National firms' rates may be properly considered and awarded in cases where the attorneys perform specialized legal services. *See Strack v. Cont'l Res., Inc.*, 507 P.3d 609, 617 n.10 (Okla. 2021). Here, the Court is not convinced that it is reasonable to award attorney's fees based on a national firm's rates for what was a straightforward contract dispute. Instead, the Court will award attorney's fees based on the rates presented by local counsel—which themselves are at the high end of what is typically seen in fee applications in this Court. Using those local rates, which range from $235.00 to $375.00 per hour[1] based on the experience level of the specific attorney, *see* Pl.'s Mot. Ex. 6, at 2-3, the Court recalculates nonresident counsel's fees applying a $375.00 per hour rate to attorney Evan Michailidis, a $275.00 per hour rate to attorney Vanessa Destime, a $235.00 per hour rate to attorney Celena Stoia, and a $125 per hour rate to paralegal Matthew Howard.[2] With this adjustment, the Court finds that a reasonable

---

[1] Local counsel's sworn statement describes its rate structure as $375 per hour for partner attorney time and $280 per hour for associate attorney time, but local counsel's itemized bill shows a three-tier rate structure of $375 / $275 / $235 for attorney time. *See* Pl.'s Mot. Ex. 4 ¶15 (Doc. No. 17-4); *id.* Ex. 6 at 2-3. The total fee award requested by local counsel was calculated using this three-tier rate structure, and the Court considers that rate structure in this Order. *See* Pl.'s Mot. Ex. 4 ¶ 16; *id.* Ex. 6 at 2-3.

[2] Local counsel's bill only included attorney hours, whereas nonresident counsel's bill also included paralegal hours. *See* Pl.'s Mot. Ex. 6 at 2-3; *id.* Ex. 7 at 2. Based on the undersigned's experience with similar fee applications presented in cases in this Court, the undersigned determines that $125 per hour is a reasonable rate for a paralegal in relation to the demands of this case and the hourly attorney rates applied here.

fee for nonresident counsel is $10,005.00.  Together with local counsel's bill of $3848.50, which the Court finds to be reasonable, the Court awards total attorney's fees of $13,853.50.[3]

### CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 17) is GRANTED in part and DENIED in part as set forth herein.  If Plaintiff objects to the Court's decision, it must request a hearing pursuant to Federal Rule of Civil Procedure 55(b)(2) within seven (7) days of the date of this Order to determine the appropriate amount of interest and reasonable attorney's fees.  Otherwise, the Court will enter a separate default judgment.

IT IS SO ORDERED this 28th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

---

[3] The Court declines to award nonresident counsel's charges for "monthly costs" without a specific explanation as to the basis for those costs.